# IN THE COURT OF APPEALS OF IOWA

No. 22-0977
Filed May 10, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARK ALAN POGGENPOHL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Washington County, John G. Linn, Judge.

Mark Alan Poggenpohl appeals his conviction for delivery of methamphetamine. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Badding, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCOTT, Senior Judge.**

Mark Alan Poggenpohl contends there is insufficient evidence to support his conviction for delivery of methamphetamine, in violation of Iowa Code section 124.401(1)(c) (2021).

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022).

> Evidence is sufficient to sustain a verdict if it is "substantial." Substantial evidence, in turn, is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.

*Id.* (internal quotation marks and citations omitted).

Here, a reasonable jury could find that a person stopped by police was found to have marijuana in his possession and, in exchange for leniency, he agreed to work with the narcotics enforcement personnel as a confidential informant (CI). The CI knew Poggenpohl from school and as a frequent customer at the CI's place of employment. In March 2021, Poggenpohl came to the CI's workplace and offered to sell the CI an "eight ball" (3.5 grams) of methamphetamine for a standard price of $150.

The narcotics investigator worked with the CI to arrange a controlled buy of methamphetamine from Poggenpohl. On March 18, 2021, Special Agent Justin Simmons and Detective Chad Bolen met with the CI at an Iowa City restaurant off Highway 1. The officers searched the CI and his green sedan and found no narcotics. But the CI had $175 cash on him, which Simmons held. Simmons then gave the CI $150 in serialized bills for the methamphetamine purchase.

At 4:41 p.m., the CI sent "Mark" a message on Facebook Messenger asking where to meet. Poggenpohl responded, telling the CI to come to the casino, and the CI relayed the message to Simmons. Simmons and other officers followed the CI's vehicle to the planned destination. On their way to the casino the CI informed Simmons he needed gas. The CI and officers stopped at a nearby gas station, Simmons gave the CI $20 from the cash he was holding for him and stayed with the CI in the gas station. Bolen stayed with the CI's vehicle. Simmons adjusted the CI's hidden body transmitter before the three continued to the casino at approximately 5:10 p.m.

As the CI pulled into the casino parking lot, Poggenpohl called and asked the CI to "pick [him] up out front." Simmons parked towards the back of the lot, and other officers were stationed around the property and in the casino for surveillance. Officers saw the CI park near a white truck, and they radioed that an individual wearing a black sweatshirt and carrying a backpack entered the CI's sedan. Officers then observed the man in the black sweatshirt exit the CI's vehicle and walk towards the casino, still carrying the backpack. Moments later, Bolen moved to the casino lobby and saw Poggenpohl standing there, wearing a black hooded sweatshirt and backpack. After the CI's interaction, the CI left the casino parking lot and called Simmons to arrange a meeting spot.

Around 5:22 p.m., the CI met Simmons and Detective Mike Darjania at a nearby campground. The CI gave Simmons a baggie and officers again searched the CI and his car. They did not locate the $150 cash or any contraband. The baggie and its contents were sent to the division of criminal investigation's

laboratory for testing, which confirmed the contents contained 3.7 grams of methamphetamine.

At trial, the CI testified Poggenpohl sold him meth in the casino parking lot. Simmons testified about the controlled buy, and the CI's messages with Poggenpohl and the audio recording from the CI's hidden body transmitter were submitted as evidence.

Poggenpohl notes no officer observed the drug transaction, the casino's security camera did not capture images of the transaction, the audio does not include confirmation a drug transaction occurred, and Poggenpohl was not arrested and searched at that time so none of the serialized bills were recovered. He argues the case "relied entirely" on the CI's credibility and maintains the CI was not credible.

"It is not our place to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury. It is also for the jury to decide which evidence to accept or reject." *Brimmer*, 983 N.W.2d at 256 (internal quotation marks and citations omitted); *see State v. Cooper*, No. 18-0651, 2019 WL 157653, at *1 (Iowa Ct. App. Jan. 9, 2019) ("Although [the defendant] correctly points out that the informant had credibility issues, it was the district court's prerogative as fact finder to decide who was more believable."). Viewing the evidence in the light most favorable to the verdict, a reasonable jury could find that Poggenpohl delivered methamphetamine to the CI. Because substantial evidence supports the jury's verdict, we affirm.

**AFFIRMED.**